UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re PATRIOT NATIONAL, INC. SECURITIES LITIGATION | Case No. 1:17-cv-01866-ER [Consolidated with Case No. 1:17-cv-07164-ER]<br><br>Honorable Edgardo Ramos |
|---|---|

**JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, a consolidated class action is pending in this Court entitled *In re Patriot National, Inc. Securities Litigation*, Case No. 1:17-cv-01866-ER [Consolidated with Case No. 1:17-cv-07164-ER] (the "Action");

WHEREAS, (a) Lead Plaintiffs ODS Capital LLC, Barry A. Smith, and Sunil Shah (collectively, "Lead Plaintiffs") and named Plaintiff Adam Kayce (together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Defendants Steven M. Mariano, Thomas C. Shields, Christopher Pesch, John R. Del Pizzo, Austin J. Shanfelter, Charles H. Walsh, Quentin P. Smith and Michael J. Corey (collectively, "Defendants" or "Settling Persons"; and together with Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated December 20, 2018 (the "Stipulation"), that provides for a complete dismissal with prejudice of the Action and release of all the claims asserted (or which could have been asserted) against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated July 22, 2019 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on November 6, 2019 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments and objections received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on December 20, 2018; and (b) the Notice and the Summary Notice, both of which were filed with the Court on December 20, 2018.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying the Action, for the purposes of the Settlement only, as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all individuals and entities that purchased or acquired Patriot National's securities between January 15, 2015, and November 28, 2017, inclusive, and were damaged thereby. Excluded from the Settlement Class are the Settling Persons; members of the Settling Persons' Immediate Families; the Settling Persons' legal representatives, heirs, successors or assigns, and any entity in which they have or had a controlling interest; any trust of which any Settling Person is the settlor or which is for the benefit of any Settling Person and/or member(s) of his or her family; and the current and former officers and directors of the Company. Also excluded from the Settlement Class are any persons and entities who or which excluded themselves by submitting a request for exclusion that was accepted by the Court.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval

Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4*,* as amended, and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the Action and the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims asserted (or which could have been asserted) against Defendants in the Action by Plaintiffs and the other Settlement Class Members are

hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

9. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting or asserting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees. This release shall not apply to: (i) any claims relating to the enforcement of the Settlement or its terms; (ii) claims or potential claims against Patriot National's auditor, BDO USA LLP; the underwriters for the IPO: UBS Securities LLC, BMO

Capital Markets Corp., JMP Securities LLC, SunTrust Robinson Humphrey, Inc., and William Blair & Company, L.L.C.; or Cerberus Business Finance LLC, or any of its or their affiliates; and (iii) any claims of any person or entity listed on Exhibit 1 hereto.

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting or asserting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This release shall not apply to: (i) any claims relating to the enforcement of the Settlement or its terms; and (ii) any claims of any person or entity listed on Exhibit 1 hereto

10. Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action or assertion of any defense or claim by any of the Parties or Released Persons (including Defendants' Releasees and Plaintiffs' Releasees) to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12. **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein

(or any other plan of allocation that may be approved by the Court), the negotiations and drafts leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or be construed as, or be deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind, or damages, of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or be construed as, or be deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action and this Settlement.

14. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay entry of, or the finality of, this Judgment and shall not affect or delay the Effective Date of the Settlement.

15. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members or Released Persons in connection with the

Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, Defendants, and any Released Persons, and the Parties shall revert to their respective positions in the Action as of November 13, 2018, as provided in the Stipulation.

17. **Bar Order** – Upon the Effective Date of the Settlement, (a) all persons and entities are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to that person is that person's actual or threatened liability to the Settlement Class or a Settlement Class member in the Action) based upon, relating to, arising out of, or in connection with the Released Plaintiffs' Claims, against each and every one of the Defendants' Releasees, whether arising under state, federal, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in any court, arbitration proceeding, administrative proceeding, or other forum; and (b) each of the Defendants is permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to the Defendant is that Defendant's actual or threatened liability to the Settlement Class or a Settlement Class member in the Action) based upon, relating to, or arising out of the Released Plaintiffs' Claims, against any person, whether arising under

state, federal, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in any court, arbitration proceeding, administrative proceeding, or other forum. Nothing in this Bar Order shall bar any action, proceeding, claim or defense by any of the Plaintiffs or Defendants in the Action, or any other Defendants' Releasees or Plaintiffs' Releasees, to enforce or effectuate the terms of the Settlement, the Stipulation, this Judgment or any other Court orders approving the Stipulation. Nothing in this Bar Order shall prevent any person listed on Exhibit 1 hereto from pursuing, on a non-class basis only, any Released Plaintiffs' Claim against any Defendant or any of the other Defendants' Releasees.

18. **Judgment Reduction** – Pursuant to 15 U.S.C. § 78u-4(f)(7)(B), any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or any Settlement Class Member against any person subject to the Bar Order based upon, relating to, arising out of or in connection with any Released Plaintiffs' Claim shall be reduced by the greater of (a) an amount that corresponds to the percentage of responsibility of the Defendants in this Action for common damages or (b) the amount paid by or on behalf of Defendants to the Settlement Class or Settlement Class Member for common damages.

19. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _______ day of _____________, 2019.

_______________________________________
The Honorable Edgardo Ramos
United States District Judge

**Exhibit 1**

**List of Persons and Entities Excluded from the Settlement Class Pursuant to Request**

1. Jared Bonacquisti

2. Leo R. Renner